Microsoft Office Word Document MSWordDoc Word.Document.8 Microsoft Office Word Document MSWordDoc Word.Document.8 Microsoft Office Word Document MSWordDoc Word.Document.8 Microsoft Office Word Document MSWordDoc Word.Document.8 Good morning. May it please the Court. This case involves a means plus function limitation in the form of decoding means which cause a signal to be provided in substantially unmodified form when a particular or certain identification signal is provided. There was no dispute below as to the corresponding structure in the 695 patent for decoding means. Microsoft identified the patent's decoding unit 76, which is shown in Figure 2 of the 695 patent on Appendix 35. That broader structure, decoding unit 76, included a number of structures therein as defined in the patent. It included an input. It included a switch. It included an output 80, where the pathways came back together. And it included a specific decoder 77. So a specific decoder within a larger structure. And that specific decoder 77 may be an entropy decoder. With that construction, the corresponding structure in the prior arc cannot be limited to only an entropy decoder, where the claim construction for decoding means requires more. But the Board lost sight of the claim construction, instead getting mired in trying to figure out what Microsoft intended it to rely upon. Specifically, Microsoft originally relied upon the decoding unit shown in Figure 7 of Venbrook's. However, once it was established that that decoding unit in Venbrook's could not provide a substantially unmodified signal, in its reply brief, Microsoft said, no, no, we don't want you to look at the entirety of the decoding unit, but only a specific part, only an entropy decoder. And the Board agreed, having lost sight of the claim construction. That resulted in two reversible errors. First, the Board improperly allowed Microsoft to change its position from its petition reply. And second, and more critically, by relying on only an entropy decoder in the prior arc, where the claim constructions for decoding means requires more, there was simply a failure to provide what is required of means plus function analysis, a structure to structure comparison. There was simply no structure to structure comparison by the Board, and had they performed that, they would have seen that the structure ultimately relied upon in the final decision did not match. Now, this can be seen from the figures in the patent and Venbrook's. Specifically, Figure 2 of the patent, on the appendix of 35, has this structure as requiring or having a number of elements. It has the input 74, it has a switching unit 79, which brings these different pathways back together, and brings them back together to an ultimate output 80. Along the lines, there's also an entry decoder 77, what may be an entry decoder. But all of those structures make up the decoding means as identified by Microsoft in the claim construction, and as agreed to by Phillips. However, what happened is that because it was determined that Venbrook's could not provide a substantially unmodified signal, going from the broad decoding unit, they went down to only an entry decoder. But if the claim construction requires more than an entry decoder, relying on only an entry decoder in the prior art simply does not work. The structures no longer match. Specifically, if we were to look at the appendix at 1787, what Microsoft did in its reply brief, not in its original petition, it provided a marked up version of Figure 7 of Venbrook's decoder. And it said, okay, now we're going to divide this decoder up into different sections. As we can see there, they boxed around part of it and said, this is the input section. And they boxed another part and said, this is the decode section. And they boxed another part and said, this is the output section. And they said, now, Borg, we want you to look at only the decode section, which Microsoft admitted in the appendix at 1490 is an entropy decoder. So they said, don't look at the input. Don't look at the output. Only look at the entry decoder. You're talking about the unmapper here? The unmapper is what they said is part of the output section. And the unmapper is part of the overall decoding unit. And it is where the pathways come together and where the ultimate decoded output is provided. But the claim construction for the 695 patent includes the input section, includes the output section, and includes the entropy decoder 77. All of those structures are included in the claim construction for a means plus function term. But in Venbrooks, isn't the default portion of the entropy decoder the unmodified portion? It is only coming out of the entropy decoder. If you were to look at Venbrooks, what you see in that decode section from the default, the pathways only come back together in the unmapper, which is the far right. That unmapper always modifies the signal. There's not always one type of decoding that takes place in a decoder, as acknowledged by some of the evidence provided by Microsoft, including the Hoffman reference they relied upon. Decoders can have entry decoders, plus tables for the entry decoders, plus unmappers, plus other elements. The question is, what is the corresponding structure for decoding these? And if we look at the patent, it's not the exit of 77. 77 is the entropy decoder in the default coming out of the decoder, but what ultimately comes out of output 80, where those pathways ultimately come back together. If we were actually to compare things, the unmapper looks more like the switch 79. It's where those pathways come back together. What they tried to do is say, okay, we're only looking at the entropy decoder. And Your Honor is correct that if you only look at entropy decoder, there's a part within that entropy decoder where there's a lack of a modification. But if the claim construction requires more than an entropy decoder, which it clearly does because 77 is the entropy decoder of the patent, then you can't look at only the output of the entropy decoder of Venbrook's. There's a structural requirement here. Are you looking at the structures? And not only did the board not do that properly, it didn't do that at all. It simply said, we think Microsoft only wants us to look at the entropy decoder of Venbrook's. But this is a means plus function limitation. And specifically, the law requires from this court, including in the IPCOM case cited in page 40 of our blue brief, and I quote, the PTO may not disregard the structure disclosed in the specification corresponding to such means plus function language when rendering a patentability determination. The board said only this. We think Microsoft wants us to look over here. But they never did what is required in the next step to say, okay, if you only want us to look at the entropy decoder, now let's look at the entropy decoder. And does that structurally match what is required of the claim construction? And it simply cannot. And the board provided... Does the unmapper actually decode any singles at all? Yes, Your Honor. The unmapper is a decoder, and that's admitted in the record. Specifically, Microsoft's expert, Dr. Kasselman, acknowledged that even under Microsoft's technology dictionaries... Where is that? I'll give you a few sites. First, in the appendix at 1710 through 1713, and 1732 through 1733, it was acknowledged that the unmapping is a type of decoding that would fall under the definition of decoding offered by Microsoft. He also admitted in the appendix at 231 that decoded data are available at the output of the unmapper section, and that the unmapper is part of the, and I quote, decode pipeline. That's in the appendix at 1740 through 1741. What was done in the record was to show Microsoft's expert a technical dictionary from Microsoft that defined decoding. And he agreed that an unmapper falls under the classification of decoding. So what we have here is a large decoder that has a couple different types of decoding. It has an entropy decoder. It has an unmapper, which is another type of decoder. What the patent requires is that the overall decoding unit, not just an entropy decoder, but the overall decoding unit operate in a certain way. And by limiting the analysis to only an entropy decoder, excluding the mapper, they're not doing a one-to-one comparison. There's not an apples-to-apples comparison. You're saying we're going to look at more of the entropy decoder as the claim construction, but only an entropy decoder in the prior art. Where again in the record do we have that the unmapper decodes singles? Well, unmapping, Dr. Castelman has shown a Microsoft technical dictionary that defined decoding. And he agreed that the definition of decoding in the Microsoft dictionary would cover unmapping. And that's in the appendix at 1710 through 1713, and 1732 through 1733. It's also stated in Venbrooks itself that the unmapper is part of the decode pipeline, such that the final step of providing decoded data is only available after the unmapper. And that was admitted to by Dr. Castelman in 1728 and 1729. So unmapping is one type of decoding in that it's putting the signals back together. And the problem that Microsoft ran into is that they originally pointed to this block diagram in 1727 and said, see, Venbrooks has the decoding means of the invention. And what was established during the case is that the unmapper always substantially modifies the signal, such that there's never an output of an unmodified signal. That is when Microsoft in its reply said, don't look at the entirety of the decoding unit in Venbrooks. Look only at the entropy decoder of Venbrooks. But that causes a problem where it simply no longer strictly matches. And there's no analysis whatsoever from the board as to a structure-to-structure comparison. Only the idea of Microsoft wants us to shade our eyes and not see anything but the entry decoder. But a proper analysis by the board has to say, does that entropy decoder match the claim construction for decoding? And it simply doesn't. The entry decoder in the patent is 77. What is required is a substantially unmodified signal not exiting 77, but exiting the ultimate output 80 where these signal pathways come back together. Venbrooks doesn't have that. By the time the signal pathways come back together and there's an exit of the signal from the overall decoding unit, it is always substantially modified. And in fact, it was admitted by Castleman himself that the unmap is a substantial modification to the actual output, which is stated in his question. So is it your opinion that the mapping function in Venbrooks would be a substantial or insubstantial modification as you interpret the term here? Answer, it would be a substantial modification. There was no dispute that the overall decoding unit in Figure 7 provided a substantial modification. Therefore, it simply no longer matches the claim construction. We have one of two problems. Either you look at the entire decoding unit of Figure 7 of Venbrooks, in which case you have a substantially modified signal. If you limit yourself only to the entry decoder, you no longer have a structure that matches what is claimed because the entry decoder cannot be limited alone to what is substantially modified because the patent requires more. It requires the entry decoder 77, the input, the output, the switch, the signal pathways, all of it taken together. And for that reason, we believe that the board erred below by allowing Microsoft to change its position in this regard. In its original petition, they simply said, Microsoft simply said, Figure 7 excerpted below shows that the decoder in Venbrooks uses a control signal. That's in the appendix of 114. Just to be clear, Figure 7 excerpted below shows. Thus, Figure 7 shows that the decoder in Venbrooks uses a control signal. They never limited themselves to only a portion of Figure 7. And, in fact, their declarant, Dr. Castleman, not only showed the entirety of the figure, but quoted sections of Venbrooks and bolded the language referring to the unmapper, indicating the importance of the unmapper in the overall structure. Therefore, what they originally relied upon was all of Figure 7, the decoding unit. And only once they realized their mistake, that the coding unit in Venbrooks cannot provide the signal, did they change their position to say, oh, stop looking at the input, stop looking at the output, despite the claim construction requiring the initial input and the initial output, and look only at the entry decoder. That was a change of position from the original petition to the reply. And that is simply improper with respect to the changing of the arguments along the case. So that is another reason why the Board's decision below should be reversed. Okay. Do you want to save the rest of your rebuttal time? I would do. Thank you, Your Honor. Thank you, Mr. Oliver. Ms. McCullough? Good morning, Your Honors, and may it please the Court. Substantial evidence supported the Board's finding that the Venbrooks prior art reference taught the decoding means limitation of the Challenge 695 patent claims, which is the only aspect of the Board's decision that Phillips challenges on appeal. Phillips makes two arguments contesting this finding. The first is that it argues that the petition relied on the unmapper component as part of the decoding means structure. That is the only argument that Phillips presented before the Board disputing the Venbrooks prior art grounds. The record provides substantial evidence that supports the Board finding that the petition did not rely on the unmapper component. The Board recognized that the petition began its analysis of the decoding means limitation by specifically excerpting the relevant portions of Figure 7, which shows the entire decoder chip that has many components that are unrelated to the process of decoding or passing a signal portion through unmodified. The entire decoder chip includes a FIFO input block. It includes a serial to parallel converter block. It includes the portion that the petition excerpted as being relevant for purposes of the decoding means limitation. That excerpt was at Appendix 115. And it includes this final post-processing unmapper block. So the Board recognized that the petition had specifically excerpted the relevant components of Figure 7, which were an ID decode unit and default and decoding pipelines. The Board also recognized that in addition to excerpting the relevant components, the petition mapped these components to the claimed function and explained that these portions, these excerpted components of Venbrooks, either passed a portion of the signal through unmodified by routing the signal through the default path or decoded that signal portion by routing it through the K and FS split pipelines. And so the Board recognized that the petition specifically identified structure in Venbrooks and described how that mapped to the claimed function. Nowhere in the petition does the word unmapper appear. So substantial evidence supports the Board's finding that the petition did not rely on the unmapper component as being part of the decoding mean structure. The petition instead relied squarely on the ID decode unit and the default and decoding pipelines within Venbrooks. The second argument that Phillips makes that challenges the Board's finding... and he said that yes it did. Do you agree with that? We do not, Your Honor. So there's evidence in testimony from Dr. Castleman at Appendix 1733 that clarifies this. The confusion that Phillips is playing on is in the term decoder and in the term in decoding in the abstract in general and substantially unmodified in the abstract in general. And those words as they are used and as the Board has construed them in these claims. And what Dr. Castleman stated at page Appendix 1733 is that a person of skill in the art reading this reference, the Venbrooks reference, would understand that the mapping and unmapping functions are different from the encoding and decoding functions. The Board construed the word substantially unmodified to mean not decoded. Decoding in the abstract can mean any number of things. In the compression context, and specifically in the context of these claims which deal with compression of data that is then transmitted across a channel, decoding has a very specific meaning and that is different from mapping and unmapping which are a pre- and post-processing operation. They are designed to make data more adaptable to being encoded. They are different from encoding and decoding. Phillips' second challenge to the Board's decision is that the Board allegedly failed to apply the proper test in finding that Venbrooks taught the decoding means. This is also incorrect. The Board recognized that there was an uncontested construction. After recognizing that there was an uncontested construction, the Board pointed to the specific structure in Venbrooks in the prior art that the petition had relied on as meeting the decoding means limitation. Now just like the decoding unit 76, the agreed-upon corresponding structure, these Venbrooks components included a decoder element, the K and FS decoding paths, and they included a second pass-through element, a separate element, that default path. And the Board, having identified the specific structure in Venbrooks that was at issue, proceeded to describe how these components performed the claimed function. Specifically, based on a control signal output from the ID decode unit, portions of a signal were routed through either the default path or through the K and FS decoding paths. And the Board cited to the Venbrooks reference itself, as well as the Castleman Declaration in the original petition, the original supporting declaration, to support its findings. So we submit that the Board did provide a sufficient analysis of the decoding means limitation, and that substantial evidence in the record exists to support this finding. Do your honors have further questions for Appley? All right. I'll save my time for the government. Thank you. Ms. Caruso? Thank you. May it please the Court, I'm here for the United States as intervener to address the constitutional issues. This Court has now repeatedly held that there's no taking a retroactivity problem here in CELGI and Arthrex OSI. I'm happy to answer any questions. Otherwise, I'll rest on my brace. Thank you. Thank you. All right. Mr. Oliver, you have the last word. Thank you, Your Honor. I would like to touch on something that counsel said. They said something that's correct, that the Board mapped the claimed function in the final written decision. It did do that. It says there is this function, but what the Board did not do is map structure. Just because there might be an unmodified signal somewhere in a circuit does not mean that the Board provide the analysis of what a decoder, decoding means is. And is there a corresponding structure that provides a substantially unmodified signal? What Microsoft's attorney argues here, counsel argues, is that, well, there is some structure in there that someplace has an unmodified signal. But if you look through the final written decision, you'll see nowhere where the Board actually says, okay, you're pointing me to the entropy decoder in Venbrooks. Let me see where the corresponding structure is in the patent. There is no analysis in that regard because that analysis cannot be done. They point us to only an entropy decoder in Venbrooks. The patent decoding means requires not only a overall decoder 76, but an entropy decoder therein. How can if we require in the decoding structure this much with an entropy decoder inside, can we limit our analysis for the corresponding structure in the prior art to be only the entropy decoder? There is not a corresponding structure there, and there's no analysis from the Board in that regard. And we believe, at the very least, this should be remanded for the Board to actually provide that structural analysis. For that reason, we ask that the case be either reversed or remanded. Thank you. Thank you all. The case is taken under submission.